IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| TIMOTHY HARLOW, individually and As Representative of his minor children MARILYN HARLOW and PRISCILLA HARLOW | § § | |
| Vs. | § | CIVIL ACTION NO. 2:05-CV-00207 |
| DAIMLERCHRYSLER CORPORATION | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant DaimlerChrysler Corporation's (hereinafter "DaimlerChrysler") Motion to Compel Production of Privileged Documents (#72). Plaintiff Timothy Harlow, individually and as representative of his minor children, Marilyn and Priscilla Harlow, argues that the documents requested by DaimlerChrysler are privileged pursuant to Texas Family Code Ann. § 261.201. After reviewing the parties' briefs and applicable case law, the Court DENIES DaimlerChrysler's Motion.

Under Federal Rule of Evidence 501, state law governs the resolution of privilege issues in cases based upon diversity jurisdiction. Fed. R. Evid. 501; *Miller v. Transamerica Press, Inc.*, 621 F.2d 721, 724 (5th Cir. 1980). The documents at issue in the present motion are the product of investigations by the Texas Department of Family and Protective Services. Under Texas Family Code Ann. § 261.201(a), such files, reports, and records are confidential and not subject

to public release. Such documents can only be disclosed after a court conducts a hearing and *in camera* inspection of the documents. Tex. Fam. Code Ann. § 261.201(b). Among other things, a court must determine that the documents are essential to the administration of justice. *Id.*

Based upon the Court's *in camera* inspection of the documents, the Court determines that the privileged documents are not "essential to the administration of justice." Many of the documents relate to Marilyn and Priscilla Harlow's deceased mother, Jessica Harlow. Jessica Harlow is obviously not a party to the present litigation. Other documents address allegations that were not substantiated by investigations. Therefore, this Court holds that the documents are not essential to the administration of justice.

DaimlerChrysler also argues that Harlow has waived his privilege regarding the documents produced by the State of Texas Child Protective Services under the offensive use doctrine. The Texas Supreme Court in *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993), has set out a three-part test to determine whether a privilege has been waived under the offensive use doctrine. Under the *Republic Ins. Co.* test, a court determines whether: (1) the party asserting the privilege is seeking affirmative relief; (2) the privileged information is such that, if believed by the fact finder, in all probability would be outcome determinative of the cause of action asserted ; and (3) disclosure of the confidential communication is the only means by which the aggrieved party may obtain the evidence. *Id.* Essentially for the same reasons discussed in the determination that the documents are not "essential to the administration of justice," this Court hold that the documents are not outcome determinative.

Based upon the above discussion, the Court DENIES DaimlerChrysler's Motion to Compel Production of Privileged Documents (#72).

SIGNED this 17th day of May, 2006.

                                                                                  _____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE