IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
DISTRICT COURT
06 OCT 11 PM 2:33
TX EASTERN/MARSHALL
BY_____

| | | |
|---|---|---|
| TIMOTHY HARLOW, individually and As Representative of his minor children, MARILYN HARLOW, and PRISCILLA HARLOW, | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO.: 2-05CV-207 |
| DAIMLERCHRYSLER CORPORATION, | § § § | |
| Defendant. | § | |

## FINAL JUDGMENT

On this 11th day of October, 2006, came on to be heard the above-styled and numbered cause, wherein Timothy Harlow, as Representative of his Minor Children, Marilyn Harlow and Priscilla Harlow are Plaintiffs ("Plaintiffs"), and DaimlerChrysler Corporation is the Defendant ("Defendant"). The Court finds that subject to its approval, an agreement of settlement and compromise has been entered into whereby DaimlerChrysler Corporation has agreed to pay monetary consideration as detailed in the "COMPLETE RELEASE, INDEMNITY, CONFIDENTIALITY AND SETTLEMENT AGREEMENT" (hereinafter the "Settlement Agreement") and the Order Approving Settlement, which the Court has reviewed and about which the Court has heard and considered evidence. The parties agree that the monetary consideration referenced in the Settlement Agreement is in settlement of all matters and things

litigated in this cause or that could have been litigated in this cause, and for all injuries and damages sustained by Plaintiffs as against Defendant as a result of the August 28, 2003 accident, as described in Plaintiff's pleadings and other documents filed with the Court that form the basis of this lawsuit.

The Court further finds the following:

1. On or about August 28, 2003, Marilyn Harlow and Priscilla Harlow, minors, were passengers in a 1996 Plymouth Voyager (VIN # 2P4FP25B8TR621147) driven by Timothy Harlow in Tucson, Arizona when the 1996 Plymouth Voyager struck another vehicle.

2. Timothy Harlow, as Representative of Marilyn Harlow and Priscilla Harlow, Minor Children, and acting in that capacity, is thoroughly familiar with the facts, injuries, and allegations in this case and the Settlement Agreement and believes that the settlement is fair, reasonable, and in the best interest of Marilyn Harlow and Priscilla Harlow, minors, and has recommended approval of same to the Court.

3. Plaintiffs on the one hand, and Defendant on the other, have agreed upon a full and final settlement and compromise of any and all claims, demands and causes of action, that have arisen or that could arise out of the August 28, 2003 accident, as more fully described in Plaintiffs' pleadings.

The Court further finds that it is understood and agreed by the parties that the compromise made is in settlement of a disputed claim for the reason that Defendant has denied, and specifically deny, any liability to Plaintiffs. The Settlement Agreement having been made known to the Court, and after examining the pleadings in this cause, the Court called for evidence touching on such compromise and agreement. After hearing evidence regarding the August 28, 2003 accident, all matters pertaining to the

alleged liability of Defendant, the nature and extent of the injuries and/or damages sustained by Marilyn Harlow and Priscilla Harlow, minor children, and FINDING THAT THERE IS NO JUST REASON TO DELAY ENTRY OF THIS JUDGMENT, the Court further finds as follows:

That Plaintiff, Timothy Harlow as Next Friend of Marilyn Harlow and Priscilla Harlow, minor children, has fully informed himself with regard to the facts alleged in Plaintiffs' pleadings and the other documents generated in this lawsuit, and the nature and extent of the liability of Defendant.

That Plaintiffs, and with full knowledge that the liability of the Defendant herein for such damages is questionable, have agreed to settle and compromise the above-referenced cause of action for a sum about which the Court has heard evidence and recognized as being just, fair and reasonable under the facts and circumstances and in the best interest of Marilyn Harlow and Priscilla Harlow, minor children; and

The Court finds that Defendant, although denying liability to Plaintiffs, has agreed to pay said sum of money that the Court recognizes as just, fair, and reasonable under the facts and circumstances of this case and in the best interest of Marilyn Harlow and Priscilla Harlow, minor children.

The Court further finds and the parties agree and stipulate that no monies recovered or being paid herein are for punitive or exemplary damages. The Court finds that all monies recovered or paid are on account of personal physical injuries or

physical sickness existing from an occurrence within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

Being of the opinion that such agreement to settle and compromise all of Plaintiffs' claims, demands or causes of action against Defendants herein is just, fair, and reasonable and in the best interest of Marilyn Harlow and Priscilla Harlow, minor children, the Court hereby approves same and upon request of the parties enters this Judgment in accordance with such agreement regarding the compromise and settlement of all claims and causes of action asserted herein or which could have been asserted herein.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that Plaintiffs take nothing as to all claims and causes of action alleged against Defendant in the lawsuit.

IT IS ORDERED by the Court that the Plaintiffs do have and recover the sum to be paid in cash at the time of settlement; in addition, future periodic payments to be provided for Marilyn Harlow and Priscilla Harlow through a qualified assignment to Aviva London Assignment Corporation, (Assignee), and the issuance of annuity contracts from Aviva Life Insurance Company, (Annuity Issuer), all as more fully described and in accordance with the terms and conditions of the Complete Release, Indemnity, Confidentiality And Settlement Agreement and the Order Approving Settlement.

Any remaining guaranteed periodic payments to be made after the death of Marilyn Harlow shall continue to be made on the due dates to the State of Texas, Department of Human Services, or its successor agency, up to the amount of medical assistance paid on behalf of Marilyn Harlow. Encore Trust Company, N.A., as Trustee for Marilyn Harlow Special Needs Trust, will be responsible for notifying Aviva Life Insurance Company when that amount has been paid. After repayment of the medical assistance to Marilyn Harlow, the contingent beneficiary will be the Estate of Marilyn Harlow.

Any remaining guaranteed periodic payments to be made after the death of Priscilla Harlow shall continue to be made on the due dates to the Estate of Priscilla Harlow. Once reaching age of majority, Priscilla Harlow may request in writing, directed to the Assignee, a change in the beneficiary designation. The designation must be in a form acceptable to the Assignee before such payments are made, but in no event shall the request be unreasonably withheld or denied.

IT IS ORDERED by the Court that payment of such sums constitutes the final settlement, release and discharge of all claims of Plaintiffs against Defendant.

IT IS THEREFORE FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that no execution shall issue and that this Judgment is fully satisfied contingent upon performance by Defendant DaimlerChrysler of the terms of the settlement, and that the approval of this Judgment by Plaintiffs shall operate as a full and complete release and acquittance of Defendant DaimlerChrysler Corporation from

any and all claims, demands or causes of action, that were asserted or might in the future be asserted against Defendant in this lawsuit contingent upon performance by Defendant DaimlerChrysler of the terms of the settlement. Each party shall pay their own attorneys' fees, expenses and taxable court costs.

All other relief not expressly granted in this judgment is DENIED.

SIGNED this _11th_ day of _October_, 2006.

_____
T. John Ward

**AGREED AS TO FORM AND SUBSTANCE:**


By:_____
    John E. Osborne
    Arizona Bar No. 007085
    Kimberly J. Hunley
    Arizona Bar No. 019141

GOLDBERG & OSBORNE
33 North Stone, Suite 900
Tucson, Arizona 85701
520/620-3975
520/879-7173- FAX

And

Carl Roth
State Bar No. 17312000
Michael Smith
State Bar No. 18650410
Brendan c. Roth
State Bar No. 24040132

Harlow: Final Judgment/303438

THE ROTH LAW FIRM, P.C.
115 N. Wellington, Suite 200
PO Box 876
Marshall, Texas 75670
903/935-1665
903/935-1797 - FAX

**COUNSEL FOR PLAINTIFFS**


By_____
    G. Robert Sonnier
    State Bar No. 18847400

CLARK, THOMAS & WINTERS,
A Professional Corporation
300 West 6th Street, Suite 1500 (78701)
P.O. Box 1148
Austin, Texas 78767
512/472-8800
512/474-1129 – FAX

And

Cheryl A. Bush
Amy Bice Larsen
BUSH, SEYFERTH, KETHLEDGE & PAIGE, P.L.L.C.
3001 Big Beaver Road
Suite 600
Troy, Michigan 48084
248/822-7800
248/822-7001 - FAX

And

Richard "Dick" Grainger
LAW OFFICES OF RICHARD GRAINGER
State Bar No. 08286000
P. O. Box 491
Tyler, Texas 75710

903/595-3514
903/595-5360 - FAX

**COUNSEL FOR DEFENDANT
DAIMLERCHRYSLER CORPORATION**