FILED-CLERK
U.S. DISTRICT COURT
06 OCT 11 PM 2:30
TX EASTERN-MARSHALL
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIMOTHY HARLOW, Individually and As Representative of his minor children, MARILYN HARLOW and PRISCILLA HARLOW, | § § § § § | |
| Plaintiff | § § | CIVIL ACTION NO. 2-05CV-207 |
| v. | § § § | A TRUE COPY I CERTIFY DAVID MALAND, CLERK U.S. DISTRICT COURT EASTERN DISTRICT, TEXAS |
| DAIMLERCHRYSLER CORPORATION | § § | |
| Defendants | § | By:_____ |

## ORDER OF COURT ESTABLISHING THE MARILYN HARLOW SPECIAL NEEDS TRUST

On this day came on to be heard the Application to Establish the Marilyn Harlow Trust for the benefit of Marilyn Harlow, a minor, and an incapacitated person (the "Beneficiary"), pursuant to 42 United States Code Section 1396p(d)(4)(A), as amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55, filed by John E. Osborne, counsel for the Beneficiary (hereinafter referred to as "Applicant"), and the Court proceeded to review the application upon a finding that due and proper notice of the application and hearing on the application have been given to all interested persons, and that Applicant and all persons necessary for jurisdiction have appeared in person or by attorney.

The Court, having reviewed the application and the other documents filed herein, finds that it has jurisdiction and venue over the persons and subject matter of this proceeding; that all proceedings have been lawful and proper; that the Beneficiary, a minor,

is a disabled person as defined in the Social Security Act, Section 1614(a)(4e), 42 United States Code Section 1382C(a)(3); that there is no court-appointed guardian for the estate of the Beneficiary, and there is no proceeding pending for the appointment of such guardian; and that it would be in the best interests of the Beneficiary for this Court to enter an order and decree establishing a "special needs" trust for the Beneficiary's benefit as specified in 42 United States Code Section 1396p(d)(4)(A), as amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55.

It is, therefore, ORDERED by the Court as follows:

1. The funds from the settlement of a personal injury claim will be used to fund the trust. The funds will be in the form of a cash payment to ENCORE TRUST COMPANY, N.A. as Trustee of the Marilyn Harlow Special Needs Trust the trust.

2. The Trustee shall hold, invest, administer, and distribute the funds as a "special needs" trust having the terms and provisions set forth in the trust agreement establishing the Marilyn Harlow Special Needs Trust which is attached hereto, designated Exhibit "A," and incorporated by reference into this decree.

3. The Trustee has permission to charge a reasonable fee for its trust services, at the rates and in the manner provided in the Trust Agreement.

4. At no time prior to the funding of the Trust are any of the funds from the settlement of this lawsuit available to the Beneficiary or anyone acting on her behalf.

5. That any assets from the settlement of the Beneficiary's personal injury claim, including cash payments as well as any future payment from any structure or annuity, that is purchased as part of the settlement of the claim shall and are hereby irrevocably assigned to Trustee of the trust including all future rights to receive any payment from an annuity or structure.

6. That the Trustee is authorized upon final settlement of the claims of reimbursement for medical expenses and presentation of the claims by the Beneficiary's attorney to pay the claims from the corpus of the trust.

7. That PI-YI MAYO, Attorney At Law, is awarded the sum of $5,000 for legal services rendered on behalf of Marilyn Harlow's Estate, which is to be paid by Goldberg & Osborne from and as a subdivision of its fee in the matter pursuant to the terms of the Harlow fee agreement's terms governing co-counsel's fees.

SIGNED this 11th day of October, 2006.

The Honorable T. John Ward
United States District Court